**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Armando Roberto Aros, III | ) | No. CV-04-306-PHX-SRB (LOA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Robinson, et al., | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's Motion to Compel and Request for Sanctions. (Doc. 181) Defendant opposes the motion and requests a protective order pursuant to Fed.R.Civ.P. 26(c)(1). (Doc. 199) Plaintiff has filed a reply. (Doc. 218, Attachment A)

**I. Background**

Plaintiff, proceeding *pro se*, commenced this civil rights action against several employees of the Arizona Department of Corrections ("ADC") in 2004 and amended his Complaint several times. Pursuant to Court orders, he filed a Third Amended Complaint in 2005. (Doc. 20) Plaintiff's Complaint included four counts alleging the following: (1) Count I - In 2002, Defendants violated his Fourteenth Amendment right to Due Process by administratively reclassifying him to be housed in level five maximum security units for the next two years and raising his Public and Institutional Score ("P/I") from 4/3 to 5/5 (Doc. 20 at 4-4C); (2) Count II - Defendants violated Plaintiff's substantive due process rights by administratively reclassifying him to be housed in level five maximum

1  security units for the next two years and raising his P/I from 4/3 to 5/5 (Doc. 20 at 5-5C);
2  (3) Count III - Defendants violated Plaintiff's Fourteenth Amendment right to equal
3  protection when he was administratively reclassified to be housed in level-five maximum
4  security units for two years, and when his classification score was raised from 4/3 to 5/5.
5  (Doc. 20 at 6-6C); and (4) Count IV - Defendants violated Plaintiff's Eighth Amendment
6  right to be free from cruel and unusual punishment by failing to remedy conditions of
7  confinement at the Central Unit of ASPC-Florence.  (Doc. 20 at 7)

8  On September 12, 2005, the Court dismissed the allegations in Count III for failure
9  to state a claim.  (Doc. 19)  The Court subsequently granted Defendants' Motion for
10 Summary Judgment on the remaining claims. (Doc. 87)  Plaintiff appealed.

11 The Ninth Circuit Court of Appeals vacated the portion of the judgment which
12 dismissed Plaintiff's Equal Protection claim, stating that Plaintiff had "alleged that other
13 inmates systematically received lesser punishment for conspiring to assault other inmates,
14 and that defendants singled him out for the sole purpose of depriving him of the
15 evidentiary and procedural safeguards accorded other inmates in his situation.  These
16 allegations are sufficient to state a claim." (Doc. 103)  On remand from the Ninth Circuit,
17 this Court reinstated Count III and Defendants Robinson, Ray Martinez, Fulton, Fansler,
18 Conrad Luna, John Doe I, John Doe II, and Donna Clement.  (Doc. 108)   In accordance
19 with the Ninth Circuit's ruling, the only issue before the Court is Plaintiff's claim that
20 Defendants' reclassification decisions violated his right to Equal Protection.

21 Defendant Fansler was a member of the committee which considered evidence that
22 Plaintiff had assaulted another inmate, Hank Lazarro, on October 29, 2002.  (Doc. 20 at
23 6)  The evidence considered included "a report which includes information from a
24 confidential informant describing [Plaintiff's] involvement in an assault on another
25 inmate with a weapon."  (Doc. 20 at 6A)  Based on Plaintiff's behavior, Defendants
26 Fansler and Fulton recommended that Plaintiff's public and institutional ("P/I") risk
27 scores be increased from 4/3 to 5/5. (Doc. 20 at 6, 6A-C)   Defendants Fulton and Fansler
28

- 2 -

1  also recommended that Plaintiff be housed in level 5 housing units for the next 2 years,
2  dating from November 12, 2002. (Doc. 20 at 6A)  After his reclassification, Plaintiff was
3  placed in SMU-I. (*Id*.)

4  Plaintiff has served a request for production on Defendant Fansler, seeking various
5  records.  Defendant Fansler argues that Plaintiff should not be entitled to discover the
6  records he seeks.  Alternatively, Defendant Fansler argues that the Plaintiff should only
7  be provided redacted copies of the records.

**II. Applicable Law**

Before considering the discovery dispute, the Court will discuss the applicable law.  Local Rule of Civil Procedure 37.1, which governs motions to compel, provides that:

> the moving party shall set forth, separately from a memorandum of law, the following in separate, distinct numbered paragraphs:
>
> (1) the question propounded, the interrogatory submitted, the designation requested or the inspection requested;
>
> (2) the answer, designation or response received; and
>
> (3) the reason(s) why said answer, designation or response is deficient.

LRCiv 37.1(a).  Plaintiff's Motion to Compel does not comply with Local Rule 37.1(a). (Doc. 181)   Plaintiff's Motion refers to the subject matter of several discovery requests, but such references are buried in the text of the motion and are not set forth "in separate, distinct numbered paragraphs" as Rule 37.1(a) requires.  Plaintiff's failure to comply with the Local Rule provides an independent sufficient basis to deny his Motion to Compel. "'District courts have broad discretion in interpreting and applying their local rules.'" *Simmons v. Navajo County*, 609 F.3d 1011, 1017 (9th Cir. 2010) (quoting *Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 521 (9th Cir. 1983)). "[W]e emphasize that the district court in this case was under no obligation to undertake a cumbersome review of the record on the [Plaintiff's] behalf." (*Id.*) Also see, *Tran v. Tyco Elec. Corp.*, 2008 WL

- 3 -

2037279, at * 2 (D.Or. 2008) (denying motion to compel where plaintiff failed to comply with Local Rule 37.1's requirements); *Burgess v. Pliler*, 2006 WL 278588, at * 3 (E.D. Cal. 2006) (defective motion to compel denied where party failed to follow local rule requiring that party set forth the requests propounded and allegedly deficient responses received). The Court, however, will also consider the merits of the Motion in view of the considerable time and effort the parties have spent in relation to the Motion.

Despite Plaintiff's failure to comply with Local Rule 37.1(a), Defendant Fansler culled through the Motion to Compel and identified the documents that appear to be at issue. (Doc. 199 at 6)  Defendant Fansler identified the documents as: (1) the victim's statement, (2) confidential information ("CI") statements; (3) the CI Reliability Assessment Questionnaire(s) ("CIRAQ") for the CIs; (4) photographs of the weapon used in the assault; and (5) records of medical treatment the victim received after the assault. (Doc. 199)  Plaintiff's reply addresses the discovery of the foregoing materials. (Doc. 218, Attachment A 18-25)

Federal Rule of Civil Procedure 26 provides that:

> [T]he scope of discovery is as follows: The parties may obtain discovery regarding any nonprivileged matter that is **relevant to any party's claim or defense** - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and locations of persons who know of any discoverable matter. **For good cause**, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed.R.Civ.P. 26(b)(1) (emphasis added). Accordingly, the nature of Plaintiff's claim defines the scope of discovery. The only claim remaining is Plaintiff's allegation that his Fourteenth Amendment right to equal protection was violated by his reclassification in 2002. (Doc. 20 at 6-6C)  A section 1983 plaintiff alleging an equal protection violation must prove that: (1) the defendants treated plaintiff differently from others similarly situated; (2) the unequal treatment was based on an impermissible classification; (3) the

- 4 -

1  defendants acted with discriminatory intent in applying this classification; and (4)
2  plaintiff suffered injury as a result of the discriminatory classification. *Moua v. City of*
3  *Chico*, 324 F.Supp.2d 1132, 1137 (E.D.Cal. 2004); *Barren v. Harrington*, 152 F.3d 1193,
4  1194 (9th Cir. 1998) (a section 1983 plaintiff alleging denial of equal protection "must
5  show that the defendants acted with an intent or purpose to discriminate against plaintiff
6  based on membership in a protected class."); *Van Pool v. City and County of San*
7  *Francisco*, 752 F.Supp. 915, 927 (N.D.Cal. 1990) (§1983 plaintiff must prove purposeful
8  discrimination by demonstrating that he "receiv[ed] different treatment from that received
9  by others similarly situated," and that the treatment complained of was under color of
10 state law). To establish a violation of the Equal Protection Clause, Plaintiff must show
11 intentional discrimination. *Sischo-Nowenjad v. Merced Community College Dist.*, 934
12 F.2d 1104, 1112 (9th Cir. 1991). Prisoners are not a suspect classification within the
13 meaning of the Fourteenth Amendment. *McQuery v. Blodgett*, 924 F.2d 829, 834 (9th Cir.
14 1990). A mere demonstration of inequality is not enough to establish a violation of the
15 Equal Protection Clause. *Id*.

16       The Court will consider Plaintiff's disputed discovery requests in light of Rule 26
17 and the nature of his claim.

18 **III. Disputed Discovery Requests**

19     **A. Victim Statement**

20       In his disputed discovery requests to Defendant Fansler, Plaintiff seeks to obtain
21 the "victim's statement." (Doc. 181; Exh. L) Plaintiff apparently refers to the victim of
22 the assault upon which Defendants Fansler and Fulton recommended that Plaintiff's
23 public and institutional risk scores be increased from 4/3 to 5/5. (amended complaint,
24 count III at 6B)

25       Defendants object to Plaintiff's request for the victim's statement for security
26 reasons. (Doc. 199 at 6) Defendant Fansler also states that Plaintiff has not explained
27 why he needs the victim's statement. Although Defendant Fansler asserts Plaintiff has

28

- 5 -

1 not denied involvement in the assault, in his Reply, Plaintiff contends that he "did not
2 participate in the assault of that prisoner . . . ." (Doc. 218, Attachment A at 19-20)
3 Petitioner's reclassification at issue in Ground III was based on his conduct in assaulting
4 the victim.  Plaintiff has referred to the victim by name in the Complaint, thus, it does not
5 appear that protecting the victim's name is a legitimate security concern when that
6 individual's name is already known to Plaintiff and has appeared in the pleadings in this
7 case.  Defendants further argue that releasing the victim's statement "could be extremely
8 intimidating and have a chilling effect on any future victims' willingness to cooperate
9 with prison authorities in the future." (Doc. 199 at 7; Exh. B ¶ 10, 31, 34)  Defendants
10 further argue that Plaintiff is familiar with the general content of the victim's statement
11 because he was reclassified in a proceeding that relied upon that statement. (Doc. 199 at
12 7)

13      As Plaintiff admits, the name of victim of the 2002 assault is known to him, and
14 thus the name of victim need not be obtained by discovery.  Additionally, Plaintiff has not
15 shown that the victim's statement is relevant to his Equal Protection claim or otherwise
16 established good cause to support his request to discover the victim's statement.
17 Fed.R.Civ.P. 26(b). Defendants argument that disclosing the victim's statement would
18 have a chilling effect is well taken.  Courts have long recognized that the right to know
19 evidence supporting prison disciplinary rulings is not absolute. *Wolff v. McDonnell*, 418
20 U.S. 539, 564- 565 (1974).  As the Supreme Court has noted, prison disciplinary
21 proceedings "take place in tightly controlled environments peopled by those who have
22 been unable to conduct themselves properly in a free society." *Ponte v. Real*, 471 U.S.
23 491, 497 (1985). The risks of "violence or intimidation directed at either other inmates or
24 staff" are real. *Id*. at 495.  Thus, when the disclosure of evidence presents such risks,
25 hearing officers may properly decline to inform an inmate of the adverse evidence.  *Wolff*,
26 418 U.S. at 565.  In view of the foregoing, the Court will deny Plaintiff's motion to
27 compel Defendants to produce the victim's statement.
28

- 6 -

### B. Confidential Informant Statements and Reliability Questionnaires

Plaintiff also requests disclosure of the Confidential Informant statements and the Confidential Informant Reliability Assessment Questionnaires ("CIRAQs"). (Doc. 199 at 7; doc. 219, attachment A at 20)  Defendants object to this request because release of confidential informant statements could expose the informants to the risk of retaliation. Defendants further argue that, if ADC is unable to keep the identity of the informants confidential, it could have a devastating impact on ADC's ability to obtain such information in the future.  Defendants further argue that the CIRAQs permit prison officials to determine whether the statements of confidential informants are credible.  In this case, Plaintiff's due process challenge to his reclassification hearing was dismissed on summary judgment and affirmed on appeal.  Thus, as Defendants argue, the quality and quantum of evidence Defendants relied upon in deciding to reclassify Plaintiff has already been challenged and determined to have been adequate.  Thus, the credibility of the confidential informant statements is not at issue.

The Court agrees. Plaintiff, has not shown good cause to discover the confidential informant statements or the CIRAQ's and has not shown how such information is relevant to his Equal Protection claim.  Defendants arguments that disclosing the confidential informant statements would have a chilling effect on the informants and expose them to possible retaliation is well taken.  Courts have long recognized that the right to know evidence supporting prison disciplinary rulings is not absolute. *Wolff*, 418 U.S. at 564-565.  As the Supreme Court has noted, prison disciplinary proceedings "take place in tightly controlled environments peopled by those who have been unable to conduct themselves properly in a free society." *Ponte v. Real*, 471 U.S. at 497. The risks of "violence or intimidation directed at either other inmates or staff" are real. *Id.* at 495. Thus, when the disclosure of evidence presents such risks, hearing officers may properly decline to inform an inmate of the adverse evidence.  *Wolff*, 418 U.S. at 565.  In view of

1 the foregoing, the Court will deny Plaintiff's Motion to Compel Defendants' to produce
2 the confidential informant statements and the CIRAQs.

### C. Photograph of Weapon used in Assault

Plaintiff next seeks a photograph of the weapon, a three-hole punch, used in the 2002 assault. Defendants state that there is no photograph of that item, thus, there is nothing to produce to Plaintiff. The Court cannot order Defendants to produce materials that do not exist. *McBride v. Rivers*, 2006 WL 622591 at *11 (11th Cir., March 14, 2006) (holding that the defendant was not obligated to produce documents that could not be retrieved).

### D. The Victim's Medical Records

Finally, Plaintiff seeks the victim's medical records depicting the nature and extent of the injuries. Plaintiff claims that the "weapon use" was "made up" by officials to justify the application of separate protocols to Plaintiff. (Doc. 218, Attachment A at 22) He argues that the medical records will "fail to evince the types of injuries to be expected following an all-out-attack with a heavy metallic object like the one claimed to be have been yielded in this case." (*Id.*) Defendants argue that Plaintiff was reclassified based on his behavior in participating in the assault, not based on the extent of the injuries caused. Thus, even if the victim authorized release of his confidential medical records, they are not relevant to his Equal Protection claim. The Court agrees. Plaintiff has not shown that the victim's medical records are relevant to his Equal Protection Claim.

### IV. Summary

After consideration of this matter, the Court will deny Plaintiff's Motion to Compel in its entirety. Plaintiff also requests the imposition of sanctions pursuant to Fed.R.Civ.P. 37(a)(4)(A). In view of the determination that Plaintiff's Motion to Compel will be denied, the Court need not consider Plaintiff's Request for Sanctions. Likewise, Defendants' Motion for Protective Order is moot.

Accordingly,

- 8 -

1    **IT IS ORDERED** that Plaintiff's Motion to Compel and Request for Sanctions,
2 doc. 181, is **DENIED**.
3    **IT IS FURTHER ORDERED** that Defendants' Motion for Protective Order, doc.
4 199, is **DENIED** as moot.
5    Dated this 11th day of February, 2011.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge